UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

2017 SEP 26 PM 2:09

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a/ M&T Bank., )<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 1:16-cv-03180-ELH |

### JOINT STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

WHEREAS, Plaintiff Equal Employment Opportunity Commission ("Plaintiff") intends to seek from Defendant Manufacturers and Traders Trust Company d/b/a/ M&T Bank ("Defendant" or "M&T Bank") certain personal information about its current and/or former employees and certain business or commercial information, which Defendant may consider to be confidential.

WHEREAS, Defendant intends to seek from Plaintiff medical records and related information and documents containing personal financial or other personal information pertaining to Charging Party Candace McCollin, which Plaintiff may consider to be confidential;

WHEREAS, this confidential personal, medical, business, commercial, and personal financial information should be given the protection of an Order to prevent it from being disseminated or used outside this litigation;

WHEREAS, the Parties have stipulated and agreed, through their respective undersigned counsel, to the following terms regarding the disclosure of information in this litigation that is confidential; and

For good cause shown;

IT IS this ___ day of _____, 2017, HEREBY ORDERED:

1. <u>Scope</u>. This Protective Order ("Protective Order") will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 104.13 of the Local Rules of this Court. This Protective Order specifically governs the production, use and handling of documents or information that Plaintiff and Defendant provide during discovery in this Action and designate as confidential. The Parties shall act in good faith in designating documents and/or information hereunder as confidential ("Confidential Information" and "Medical Information").

"Confidential Information," as it is used herein, means (a) documents that contain information highly personal in nature; (b) documents contained in personnel files of a sensitive and/or confidential nature such as medical information, tax information, or benefits selection information; and (c) any information constituting or containing sensitive financial, trade secret, or other confidential research, development, or commercial information of Defendant that would be subject to protection under Fed. R. Civ. P. 26(c)(1)(G). "Medical Information," as it is used herein, means medical records and medical history for any current and/or former employee of Defendant, including Charging Party Candace McCollin.

2. <u>Procedure for Designating Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY."</u> Confidential Information produced by Plaintiff, Defendant, or by way of subpoena, must be marked with the legend

"CONFIDENTIAL" by the producing Party or the Party who requested the information by way of subpoena. Any Party must also designate certain documents that contain Medical Information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Documents marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by counsel until such time as the Parties agree or the Court orders otherwise. Upon the designation of any document as CONFIDENTIAL or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," all copies of such document then or at anytime thereafter in the possession or control of any Party to this Order, from whatever source received, shall be subject to the provisions of this Order.

a. *Deposition Transcripts.* If Confidential or Medical Information is used as exhibits in a deposition, the Parties agree that those portions of the transcript in which Confidential or Medical Information is discussed and all copies shall be marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," by the Party asserting that the information contained therein is Confidential or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b. *Filings.* If documents previously designated as Confidential Information or Medical Information are to be filed with the Court, the filing Parties shall do one of the following:

    i. if the Confidential or Medical Information in the documents is not required to substantiate the arguments for which the documents containing such information are filed, redact the Confidential or Medical Information from the documents;

    ii. file the Confidential or Medical Information under seal pursuant to L.R. 105.11; or

iii. utilize the procedures set forth in Paragraph 4(d)(i) and (ii).

3. In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

4. <u>Restrictions on Use and Disclosure of Confidential Information or Medical Information.</u> Confidential or Medical Information shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding and not for any other purpose. Confidential or Medical Information may only be disclosed to people listed in this paragraph pursuant to the terms and conditions of this Protective Order.

    a. Confidential Information may only be disclosed to:

        i. The Judges presiding over this lawsuit, their staff attorney(s) and bailiff(s), and any stenographic reporters, to the extent necessarily incidental to the litigation of this Action;

        ii. The attorneys who are signatories of this Protective Order, together with their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this Action;

        iii. The Parties, Charging Party Candace McCollin, and employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed;

        iv. Witnesses noticed for deposition, to the extent necessarily incidental to the litigation of this Action; or

        v. Copying services, experts, investigators and consulting attorneys.

    b. Medical Information may only be disclosed to:

        i. The Judges presiding over this lawsuit, their staff attorney(s) and bailiff(s), and any stenographic reporters, to the extent necessarily incidental to the litigation of this Action;

  ii. The attorneys who are signatories of this Protective Order, together with their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this Action;

  iii. In-house counsel for Defendants, or other legal or Human Resources representatives of Defendants, to the extent necessarily incidental to the litigation of this Action;

  iv. The person whose medical information is at issue and her treating physicians; or

  iv. Copying services, experts, investigators and consulting attorneys.

 c. Prior to the disclosure by the Parties or their attorneys of any Confidential or Medical Information to any expert or witness referred to in paragraphs 4(a)(iv), 4(a)(v), and 4(b)(iv) of this Protective Order, counsel shall provide such person with a copy of this Protective Order.

 d. Should a Party believe that it is necessary for litigation purposes to disclose any Confidential or Medical Information to any person not specifically listed in Paragraph 4(a) or 4(b), the Party seeking such disclosure ("the Party seeking disclosure" or "the disclosing Party") shall:

  i. Inform opposing counsel in writing of the documents it proposes to disclose and to whom before disclosing any documents.

  ii. If opposing counsel does not consent to disclosure, he/she will immediately seek a protective order to prevent disclosure. Said protective order must be filed with the Court within ten (10) business days of receipt of the disclosing Party's written notice under Paragraph 4.d (i). If said protective order is not filed within this time frame, the disclosing Party shall be entitled to proceed using the aforementioned

documents. The disclosing Party shall not disclose any document(s) while the motion for protective order is pending.

       iii.    Prior to the disclosure by the Parties or their attorneys of any Confidential Information or Medical Information to a person pursuant to this paragraph 4.d, counsel shall provide such person with a copy of this Protective Order.

5.    <u>Restrictions on Use and Disclosure of Information Designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.</u> Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY may only be disclosed to counsel for either party or the Court pursuant to the terms and conditions of this Protective Order.

6.    <u>Use of Confidential or Medical Information at Deposition, Hearing, or Mediation</u>. Whenever Confidential Information or Medical Information is to be referred to or disclosed in a deposition, hearing, or alternative dispute resolution proceeding, the Parties may exclude from the room any person who is not entitled to receive such information pursuant to this Protective Order. This agreement does not affect the use of any documents or information at trial. The Parties shall address with the Court at the final pretrial conference the use of Confidential or Medical Information at a hearing or trial or other proceeding.

7.    <u>Custody of Confidential or Medical Information.</u> Confidential Information or Medical Information, and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this lawsuit except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

8.    <u>Party Seeking Greater Protection Must Obtain Further Order.</u> No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the Party claiming a need for greater

protection moves for an order requesting such additional protection pursuant to Fed. R. Civ. P. 26(c) and Local Rule 105.11. If pursuant to this paragraph or for any other reason, any material is filed under seal, the Clerk may return to counsel or destroy any sealed material at the end of the litigation.

9. <u>Challenging Designation of Confidentiality or CONFIDENTIAL--ATTORNEYS' EYES ONLY</u>. A designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be challenged upon motion. The burden of proving the confidentiality of designated material remains with the Party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

10. The Parties and their counsel shall maintain all Confidential Information and Medical Information in a secure manner so as to avoid disclosure of its contents.

11. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "Confidential" designation in connection with any motion or the trial of this Action.

12. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information or Medical Information shall not be deemed a waiver of any claims of confidentiality.

13. <u>Effective Date.</u> This Protective Order shall become effective immediately upon its entry by the Court in this Action.

*APPROVED:*

FOR PLAINTIFF:

/s/Chioma Chukwu
Chioma Chukwu, Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201
Phone: (410) 209-2730
Fax: (410) 962-4270
E-mail: chioma.chukwu@eeoc.gov

FOR DEFENDANT:

/s/ Betty Graumlich
Daniel Z. Herbst (Bar No. 17510)
**REED SMITH LLP**
1301 K Street, N.W., Suite 1000 East Tower
Washington, DC 20005
Phone: 202-414-9200
Fax: 202-414-9299
dherbst@reedsmith.com

Betty S.W. Graumlich (admitted *pro hac vice*)
**REED SMITH LLP**
Riverfront Plaza - West Tower
901 E. Byrd Street, Suite 1700
Richmond, VA 23219
Phone: 804-344-3400
Fax: 804-344-3410
bgraumlich@reedsmith.com

Catherine S. Ryan (admitted *pro hac vice*)
**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, PA 15222
Phone: 412-288-3131
Fax: 412-288-3063
cryan@reedsmith.com

*Counsel for Defendant M&T Bank*

*SO ORDERED*

_Ellen L. Hollander_  9/26/17
The Honorable Ellen L. Hollander
United States District Judge