CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2018

LETTER TO COUNSEL

      RE:    *EEOC v. M&T Bank*
                Civil No. ELH-16-3180

Dear Counsel:

This matter was referred to me for all discovery matters on January 4, 2018. [ECF No. 51]. The EEOC's complaint, brought on behalf of Ms. Candace McCollin, alleges that M&T Bank ("M&T") failed to reassign Ms. McCollin into vacant positions for which she was minimally qualified, and that it subsequently discharged her because of her disability. [ECF No. 1]. The instant discovery dispute revolves around the EEOC's Motion to Compel: (1) documents pursuant to its Request for Production of Documents ("RPD") No. 9; and (2) M&T to designate a 30(b)(6) corporate representative to testify regarding Topic No. 9. [ECF Nos. 49 & 50]. A telephone conference to discuss the matter was held on January 9, 2018. For the reasons set forth below, the EEOC's motion is GRANTED in part and DENIED in part.

## EEOC's RPD No. 9

RPD No. 9 seeks "all documents . . . reflecting the applications or expressions of interest, and qualifications of individuals selected for M&T at Work Specialist, Enhanced Due Diligence investigator, Assistant Branch Manager, and Branch Manager positions in its Greater Baltimore region from January 1, 2013 to present, including complete personnel files for each individual." [ECF No. 50-1 at 6]. M&T, believing the request was overbroad, objected and only agreed to produce documents "relating to the individuals selected for positions for which Ms. McCollin actually applied – 10 specific job requisitions." [ECF No. 49 at 1]. In response, the EEOC agreed to narrow the scope of RPD No. 9 to "applications and performance appraisals and disciplinary records of successful internal applicants who applied to the same positions as [Ms.] McCollin." [ECF No. 36 at 1]. Subsequently, Judge Hollander also ordered M&T to produce "all 2012 performance appraisals and all 2012 disciplinary records for all of its successful internal applicants with respect to any position for which [Ms. McCollin] applied, as well as for the Ingleside branch manager position," a position she only expressed interest in pursuing. [ECF No. 41 at 1].

At issue is whether M&T must also produce performance appraisal and disciplinary documents for Ms. Jackie Jackson. The EEOC contends that Ms. Jackson, an internal candidate, "was selected for [the Brooklyn Park Shoppers] Branch Manager position for which [Ms.] McCollin applied … and was qualified." [ECF No. 50 at 2]. M&T, meanwhile, argues that Ms.

McCollin could not have applied to this position because "[t]he posting for that requisition was cancelled [as] M&T decided to close that branch." [ECF No. 49 at 1]. Ms. Jackson testified during her deposition that, because it was temporary, she "didn't post" for the position, and that the position was only for closing the branch. [ECF No. 49-1 at 7]. The EEOC admits that Ms. Jackson was selected "without application." [ECF No. 50 at 2].

Judge Hollander's Order is clear – M&T was to produce appraisals and disciplinary records "for all of its successful internal applicants with respect to any position for which Ms. McCollin applied . . . ." [ECF No. 41 at 1]. During the January 9, 2018 conference call, it became clear that Ms. McCollin had applied (and interviewed) for the Brooklyn Park Shoppers Branch Manager position prior to the position posting being cancelled. Thus, because Ms. McCollin expressed interest in, and applied for, the position prior to its cancellation, M&T must produce the performance appraisal and disciplinary documents for Ms. Jackie Jackson. As such, the EEOC's request to compel these documents will be granted.

### EEOC's Rule 30(b)(6) Deposition

On August 21, 2017, the EEOC served on M&T a notice of 30(b)(6) Deposition, "seeking testimony about individuals selected for vacant positions for which [Ms.] McCollin was qualified in the Greater Baltimore region, including the qualifications of the selected candidates, from August 1, 2013 to present." [ECF No. 50 at 1]. Specifically, M&T objects to designating an individual regarding Topic No. 9 to the Notice of Deposition. Topic No. 9 requests that M&T designate someone who, for the positions of Branch Manager, M&T at Work Specialist, and Enhanced Due Diligence Investigator in the Greater Baltimore region can testify to, from August 1, 2014 to March 30, 2014: (1) the number of vacant positions; (2) the number of positions filled; (3) the identities of the individuals selected; (4) the qualifications of the individuals selected; (4) whether the individuals were internal applicants; and (5) the M&T employees involved in the selection process. [ECF No. 50-1 at 3-4]. M&T argues that it need not designate someone regarding Topic No. 9 because it "has [already] produced all of that information in document form for the positions that the EEOC has [] agreed are relevant to this litigation: those that Ms. McCollin applied for or expressed interest in." [ECF No. 49 at 2]. Thus, M&T contends that a deposition seeking that data would be overly broad and burdensome and an "end around to [its] objections to the EEOC's RPD No. 12." *Id.*

The Federal Rules of Civil Procedure allow a party to name a corporation as a deponent. Fed. R. Civ. P. 30(b)(6). "The named corporation must then designate a witness or witnesses to testify on its behalf, and those witnesses must testify about information 'known or reasonably available to the organization.'" *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (quoting Fed. R. Civ. P. 30(b)(6)). Importantly, "[t]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order. *Id.* (citing *Robinson v. Quicken Loans, Inc.,* No. 3:12–CV–00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)). "Once the deposition notice is served, 'the corporation bears the burden of demonstrating *to the court* that the notice is objectionable or insufficient.'" *Id.* (quoting *Robinson,* 2013 WL 1776100, at *3 (emphasis in original)). Finally,

"[i]f the corporation makes no such showing, [it] must produce a witness prepared to testify to the subject matter described in the notice . . . [it] cannot make its objections and then provide a witness that will testify only within the scope of its objections." *Id.* M&T has not moved for a protective order.

Pursuant to Rule 30(b)(6), M&T must designate a witness to testify on its behalf regarding Topic No. 9. However, Topic No. 9 shall be narrowed to match the parties' agreed upon scope of RPD No. 9 and Judge Hollander's Order [ECF No. 41], so that the information sought pertains only to positions to which Ms. McCollin applied or expressed interest in pursuing. As was the case with RPD No. 9, information regarding positions in the Greater Baltimore region to which Ms. McCollin did not apply, is not relevant. *Orafunam v. AT & T Mobility Servs.*, LLC, No. 3:12-CV-976-B BF, 2013 WL 2391522, at *2 (N.D. Tex. June 3, 2013) (stating that "[a]ny evidence regarding positions for which Plaintiff did not actually apply is not relevant to the claims alleged and [is] not reasonabl[y] calculated to lead to the discovery of admissible evidence."). Further, the fact that M&T may have produced much of this information in document form does not preclude the EEOC from seeking it via deposition. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered.") (citing *State of New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 610671, at *2 (D. Kan. Feb. 19, 2010). As such, the EEOC's request to compel M&T to designate an employee to appear for deposition is granted, but the designee need only testify as to the information sought in Topic No. 9 regarding positions to which Ms. McCollin applied.

## Conclusion

For the reasons discussed herein, the EEOC's Motion to Compel is GRANTED in part and DENIED in part. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge

cc: Judge Ellen L. Hollander