IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION,<br>    *Plaintiff*,<br><br>v.<br><br>MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK,<br>    *Defendant*. | Civil Action No. ELH-16-3180 |

**MEMORANDUM**

This Memorandum addresses the "Objections In Part to the Magistrate Judge's January 9, 2018 Order" (ECF 56, the "Objection"), lodged by plaintiff Equal Opportunity Employment Commission ("EEOC") as to a discovery Order issued by U.S. Magistrate Judge Stephanie Gallagher. *See* ECF 55 ("Order of January 9, 2018"). Defendant Manufacturers and Traders Trust Co. ("M&T") has not filed a response (*see* Docket), and the time to do so has expired. *See* Local Rule 105.2.a.

No hearing is necessary to resolve the Objection. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Objection.

### I. Factual and Procedural Background[1]

The EEOC has sued M&T (ECF 1, "Complaint") under the Americans with Disabilities Act of 1990 ("ADA"), codified, as amended, at 42 U.S.C. § 1211(a), and the Civil Rights Act of 1991, codified, as amended, at 42 U.S.C. § 1981a. The EEOC alleges that M&T unlawfully discriminated against Candace McCollin, a former employee of M&T, by failing to provide her with reasonable accommodations and by terminating her employment. *Id.*

---
[1] The factual and procedural history set forth below is limited to that which is pertinent to the Objection.

In an Order of October 27, 2017 (ECF 41), this Court resolved certain discovery disputes. *See* ECF 36; ECF 38; ECF 39; ECF 40. In relevant part, I ruled that M&T "shall produce all 2012 performance appraisals and all 2012 disciplinary records for all of its successful internal applicants with respect to any position for which plaintiff applied, as well as for the Ingleside branch manager position," which was a position for which McCollin had expressed interest but for which she did not apply. ECF 41 at 1, § 1; *see also* ECF 39 at 2 n.3 (describing the Ingleside branch manager position).

In the Joint Status Report of December 15, 2017 (ECF 46), the parties notified the Court of additional discovery disputes. By Order of that same date (ECF 47), I instructed the parties, *inter alia*, to submit letters to the Court regarding the dispute, which they did on January 3, 2018. *See* ECF 50 (EEOC Letter); ECF 50-1 at 1-25 (EEOC exhibits); ECF 49 (M&T Letter). In particular, the EEOC sought (1) documents pursuant to Item 12 in its Request for Production of Documents ("RPD"); and (2) designation by M&T of a Rule 30(b)(6) corporate representative to testify as to Topic No. 9 of the Rule 30(b)(6) Deposition Notice ("Notice"), served on August 21, 2017. ECF 50; *see also* ECF 55; ECF 50-1 at 2-4 (excerpt from the Notice).[2]

Topic No. 9 of the Notice asked M&T to designate a corporate representative to testify as to the positions in the Greater Baltimore region of Branch Manager; Assistant Branch Manager; M&T at Work Specialist; and Enhanced Due Diligence Investigator, including information pertaining to (1) the number of vacant positions; (2) the number of positions filled; (3) the

---

[2] Plaintiff notes that it amended the Notice on two occasions. *See* ECF 50 at 1 n.1. These alterations resulted in changes to the Rule 30(b)(6) deposition topic numbers. *Id.* Accordingly, the topic previously listed as "Topic No. 12" is now listed as "Topic No. 9." *See id.*; *see also* ECF 50-1 (Third Amended Notice of 30(b)(6) Deposition). Item 12 of the RPD is not the same as Topic No. 12 of the Rule 30(b)(6) Notice.

identities of the individuals selected for the positions; (4) the qualifications of the individuals selected; (5) whether the individuals were internal applicants; and (6) the M&T employees who were involved in the selection process. *See* ECF 50-1 at 3-4.

By Order of January 4, 2018 (ECF 51), I referred all discovery disputes to Judge Gallagher. On January 9, 2018, Judge Gallagher convened a telephone conference with the parties. *See* ECF 55 at 1. Her Order of January 9, 2018 (ECF 55) followed.

In her Order, Judge Gallagher granted the EEOC's request to compel production as to RPD Item 12. *Id.* at 2. There is no challenge to that portion of the Order. *See* ECF 56. As to the designation of a corporate designee, Judge Gallagher granted "the EEOC's request to compel M&T to designate an employee to appear for deposition." *Id.* at 3. However, Judge Gallagher concluded that "the designee need only testify as to the information sought in Topic No. 9 regarding positions to which Ms. McCollin applied" and for which she had expressed interest. *Id*. As discussed below, the EEOC objects to this portion of the Order. *See* ECF 56.

## II. Discovery Dispute

On August 21, 2017, the EEOC served its Rule 30(b)(6) Notice on M&T, seeking, *inter alia*, testimony about individuals who were selected to fill vacant positions for which McCollin was qualified in the Baltimore region, from August 1, 2013, to the present. *See* ECF 50 at 1. The parties do not cite an objection by M&T. However, by letter of January 3, 2018 (ECF 50), the EEOC complained to the Court that M&T had improperly objected to the designation of a Rule 30(b)(6) corporate witness to testify as to Topic No. 9. *Id.* at 1-2. Further, it argued that M&T "should be compelled to produce a corporate representative to testify as to Topic No. 9." ECF 50 at 1.

Topic No. 9 states, ECF 50-1 at 3-4:

For Branch Manager, Assistant Branch Manager, M&T at Work Specialist, Enhanced Due Diligence Investigator positions in the Greater Baltimore region, for the period of August 1, 2013 to March 30, 2014:

a. The number of vacant positions;
b. The number of positions filled;
c. The identities of the individuals selected per Paragraph 12(b);
d. The qualifications of individuals selected per Paragraph 12(b);
e. Whether the individuals selected per Paragraph 12(b) were internal applicants; and
f. Defendant M&T Bank employees involved in the decision to select the individuals identified per Paragraph 12(b)[.]

M&T countered, arguing that Topic No. 9 is "overly broad, unduly burdensome and not proportional with the needs of the case." ECF 49 at 2. According to M&T, it need not designate a deponent for Topic No. 9 because it "has produced all of that information in document form for the positions that the EEOC has already agreed are relevant to this litigation: those that Ms. McCollin applied for or expressed interest in . . . ." *Id*. Thus, M&T contended that Topic No. 9 is an "end around to [its] objections to the EEOC's RPD No. 12." *Id.* Further, M&T argued that Topic No. 9 seeks evidence about "positions in the Greater Baltimore region for which Ms. McCollin did not apply" and is therefore "not proportional to the needs of this case." *Id.* Notably, M&T did not move for a protective order regarding Topic No. 9. *See* ECF 50 at 1.

In her Order, Judge Gallagher noted that, under Fed. R. Civ. P. 30(b)(6), the "'named corporation must . . . designate a witness or witnesses to testify on its behalf, and those witnesses must testify about information known or reasonably available to the organization.'" ECF 55 at 2 (internal citation omitted) (quoting *Beach Mart, Inc. v. L&L Wings, Inc*., 302 F.R.D. 396, 406 (E.D.N.C. 2014)). Judge Gallagher also stated that the "'proper procedure [for a corporate deponent] to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party,'" as M&T did, "'but to move for a protective order.'" *Id.* (quoting *Beach Mart*, 302 F.R.D. at 406).

Further, Judge Gallagher stated that M&T "'bears the burden of demonstrating to the *court* that the notice is objectionable or insufficient.'" ECF 55 at 2 (quoting *Robinson v. Quicken Loans, Inc.*, 12-cv-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)) (emphasis in original). And, if the "'corporation makes no such showing, [it] must produce a witness prepared to testify to the subject matter described in the notice . . . . [It] cannot make its objections and then provide a witness that will testify only within the scope of its objections.'" *Id.* (quoting *Beach Mart*, 302 F.R.D. at 406).

Under this framework, Judge Gallagher concluded that "M&T must designate a witness to testify on its behalf regarding Topic No. 9." ECF 55 at 3. Moreover, she concluded that to the extent M&T has already produced the information sought by Topic No. 9, the EEOC is "not preclude[d] . . . from seeking it via deposition." *Id.*

However, Judge Gallagher also concluded that "Topic No. 9 shall be narrowed to match the parties' agreed upon scope", consistent, *inter alia*, with my Order of October 27, 2017 (ECF 41). ECF 55 at 3. She reasoned that narrowing Topic No. 9 to conform to the Order of October 27, 2017, required M&T to produce a corporate witness capable of testifying about "positions to which Ms. McCollin applied or expressed interest in pursuing", but not as to positions for which McCollin did not apply or for which she did not express interest. *Id.*

Thereafter, the EEOC filed its Objection to Judge Gallagher's Order. ECF 56.

### III. Discussion

In its Objection, the EEOC argues that Judge Gallagher erred in limiting the scope of Topic No. 9 to vacant positions for which McCollin applied or for which she expressed interest. *Id.* at 3. The EEOC points to no authority in the Fourth Circuit that substantiates its argument.

Fed. R. Civ. P. 72(a) provides that, within fourteen days, a party may object to a

magistrate judge's ruling on non-dispositive matters, such as discovery orders. *Id.*; *see* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Under Rule 72(a), the Magistrate Judge's order is subject to reversal if it is "clearly erroneous or is contrary to law." *Id.*; *see Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

"Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (citations omitted). Of import here, "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan*, 206 F.R.D. at 124. Indeed, "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL § 3069 (2d ed.).

In my view, far from containing clear error, Judge Gallagher's Order (ECF 55) is entirely reasonable, sound, well founded, and supported by fact and law. Judge Gallagher considered the EEOC's concerns in light of this Court's Order of October 27, 2017 (ECF 41). I had required M&T to produce disputed materials, but limited production to "any position for which plaintiff applied" and as to any position for which McCollin expressed interest, even if she did not apply. ECF 41 at 1, ¶ 1; *see also* ECF 39 at 2 n.3. Judge Gallagher appropriately aligned her ruling to correspond with this Court's earlier decision. *See* ECF 55 at 3.

### IV. Conclusion

In my view, Judge Gallagher's ruling was sound, reasonable, and proportionate to the

issues in the case.  *See* ECF 55 at 2-3.  Therefore, I shall deny the Objection (ECF 56).

An Order follows, consistent with this Memorandum.


Date:   March 5, 2018                                         /s/
                                                     Ellen Lipton Hollander
                                                     United States District Judge