EXHIBIT 34

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK,<br><br>    Defendant. | Civil Action No. 1:16-cv-03180-ELH |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Manufacturers and Traders Trust Company d/b/a M&T Bank ("Defendant" or "M&T") provides the following answers to Plaintiff Equal Employment Opportunity Commission's ("EEOC") Interrogatories, Set One, as follows:

### OBJECTIONS AND ANSWERS

1. Identify (*see* Definitions, No. 6) all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in your answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person. (Standard Interrogatory No. 6).

### ANSWER:

    a.    **Anne C. Bartolotta**
            **Former Regional Retail Manager**
            *Ms. Bartolotta may be contacted through undersigned counsel.*

**Ms. Bartolotta has knowledge of Plaintiff's request for leave and the decision to no longer hold Plaintiff's Branch Manager position open.**

    b.    **Angela Skowronski**
            **Talent Acquisition Senior Recruiter**
            *Ms. Skowronski may be contacted through undersigned counsel.*

b.  Enhanced Due Diligence Investigator (3CO6D)

McCollin applied for this position on August 3, 2013 and October 21, 2013. McCollin did not possess the minimum qualification for this position. David Arcara, a Talent Acquisition Team Leader, determined that she did not possess the minimum qualifications for the position based on McCollin's lack of a Bachelor's Degree and lack of relevant investigative experience.

c.  Branch Manager (3CO8D)

McCollin applied for the position on August 3, 2013, but M&T subsequently cancelled the job opening. Accordingly, no decision was made to select another employee instead of McCollin. Angela Skowronski was the Recruiter responsible for this job posting.

d.  Branch Manager (3COV6)

McCollin applied for the position on August 16, 2013 and interviewed with the Recruiter, Katherine Amo, on September 5, 2013, as well as Jim Henstrand, the Hiring Manager, on September 9, 2013. M&T, however, subsequently cancelled the job opening. Accordingly, no decision was made to select another employee instead of McCollin.

e.  M&T at Work Specialist (3COSK)

McCollin applied for the position on August 22, 2013, but M&T subsequently cancelled the job opening. Accordingly, no decision was made to select another employee instead of McCollin. Angela Skowronski was the Recruiter responsible for this job posting.

f.  Assistant Branch Manager (3COT4)

McCollin applied for the Assistant Branch Manager position at M&T's Highlandtown Branch on August 29, 2013 and interviewed with Angela Skowronski on

**OBJECTIONS:** M&T objects to this request because it seeks the disclosure of expert witness information prior to the deadlines established by the applicable Federal Rules of Civil Procedure.

**ANSWER:** Subject to its objections, M&T responds that it has not retained an expert at this time.

16. Identify (*see* Definitions, No. 7) all documents that were reviewed, consulted, relied upon, or on which Defendant's answers to Plaintiff's discovery requests are based, specifying which documents correspond to each answer.

**OBJECTIONS:** M&T objects to this request because it is unduly burdensome in that it purports to request M&T to prepare an index of documents relating to its responses. Such a request imposes upon M&T an obligation beyond those set forth in Rule 33(d)(1) of the Federal Rules of Civil Procedure. M&T further objects to this request to the extent that it requests that M&T characterize the contents of a document that speaks for itself.

**ANSWER:** Subject to its objections, M&T will supplement its responses to identify the documents reviewed, if any, in responding to the EEOC's Interrogatories when M&T finishes its production of documents.

17. State the facts concerning the matters alleged in the Second Affirmative Defense of your Amended Answer. (Standard Interrogatory No. 10).

**ANSWER:** In November 2012, McCollin informed her manager, Ms. Bartolotta that she was pregnant and needed to undergo surgery. On or about December 10, 2012, McCollin went on a Short Term Disability leave of absence and concurrent Family Medical Leave Act ("FMLA") leave. On April 4, 2013, M&T sent McCollin a letter, informing her that, based on its business and staffing requirements, M&T could no longer hold her Branch Manager position open. The letter requested that McCollin notify M&T if she was able to return to work in any capacity by April 14, 2013, and if so, to complete M&T's

- 13 -

Accommodations Assessment Form. McCollin did not respond to the letter or request an accommodation. Thereafter, M&T posted McCollin's position for replacement. Although M&T had legitimate business necessity to (and did) fill McCollin's position, M&T did not terminate her employment. Pursuant to M&T's Redeployment Assistance Policy, which applies to all M&T employees, if McCollin was medically released to return to work within 24 months of her first day of leave, McCollin would be eligible for redeployment assistance. If McCollin became eligible for redeployment assistance, she would have 30 days in which to find an alternate position with the Bank before her employment would be terminated. If her employment were terminated, she would continue to receive redeployment assistance for 60 days thereafter. Ultimately, McCollin was on disability leave through August 4, 2013. During this time, even though McCollin failed to provide M&T with a definitive return date and was not a qualified individual with a disability, M&T continued to employ McCollin while she received disability benefits. On or about July 22, 2013, McCollin's doctor released her to return to work without restrictions beginning August 5, 2013 – nine months after commencing leave – and she began receiving redeployment assistance. During her redeployment process, M&T's assigned Employee Relations Specialist, Talent Acquisition Recruiters, and third-party vendor, CPI, worked with McCollin to assist her in applying for the positions identified in M&T's Answer to Interrogatory No 6. McCollin was not selected for the positions based on the reasons explained in M&T's Answer to Interrogatory No. 6. By way of further response, M&T directs the EEOC to its document production.

18. State the facts concerning the matters alleged in the Fifth Affirmative Defense of your Amended Answer. (Standard Interrogatory No. 10).

**ANSWER:** M&T directs the EEOC to its response to Interrogatory No 17.