U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 JAN 21 AM 11:35

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:16-cv-03180-ELH ) ) ) |
| MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK, | ) ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

This action was instituted by Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, Manufacturers And Traders Trust Company d/b/a M&T Bank ("Defendant" or "M&T"), alleging that Defendant violated Sections 102(a) and (b) of Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12112(a) and (b), and Title I of the Civil Rights Act of 1991, by failing to provide Candace McCollin ("McCollin") the reasonable accommodation of reassignment to a vacant position for which she was qualified, and by discharging her because of her disability and record of disability. On September 10, 2019, the Court granted, in part, the EEOC's Motion for Summary Judgment (ECF No. 63) as it related to EEOC's reasonable accommodation claim and granted, in part, M&T's Motion for Summary Judgment as it related to the EEOC's discriminatory discharge claim. (ECF No. 78).

1

The parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the pleadings and the record as a whole, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action, which emanate from the Charge of Discrimination filed by Candace McCollin. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such pending or future charges as the Commission sees fit.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

### Relief to Candace McCollin

3. Within fifteen (15) business days of entry of this Decree, Defendant shall pay to McCollin monetary relief in the total amount of $100,000. The parties agree that $58,501 will represent alleged non-pecuniary compensatory damages; $4,418 will represent alleged pecuniary compensatory damages; and $37,081 will represent alleged back pay. Defendant will issue to McCollin an IRS Form 1099 for the 2020 tax year for the compensatory damages amount and an IRS W-2 form for the 2020 tax year for the back pay amount. Defendant shall make all legally

required withholdings from the back pay amount. The checks and IRS forms will be sent directly to McCollin, and a photocopy of the checks and related correspondence will be emailed to EEOC counsel of record Supervisory Trial Attorney Maria Salacuse.

4. All future reference checks (both written and oral) will supply information concerning McCollin's name, dates of employment, and job title(s). All requests for references shall be submitted to M&T Human Resources.

### Injunctive Relief

5. Defendant, its officers, agents, and supervisory employees, and all persons acting or claiming to act in their behalf and interest hereby are enjoined from denying reasonable accommodations to qualified individuals with disabilities and violating the ADA, and related regulations:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

> [T]he term 'discriminate against a qualified individual on the basis of disability' includes . . . not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . .

42 U.S.C. § 12112(b)(5).

### Written Policies & Procedures

6. Within ninety (90) business days from the entry of this Decree, Defendant shall revise its Redeployment Policy that explains its duty to comply with the ADA, and identifies reassignment as a possible accommodation for employees returning to work after an extended leave of absence due to a disability, as defined by the ADA, and whose job has been replaced. M&T shall provide a copy of its new or revised policy to the EEOC. The EEOC shall notify M&T

3

within thirty (30) business days of receipt of the new or revised policies if it has any concerns about the proposed revisions. M&T's Redeployment Policy is to provide a non-competitive procedure by which employees returning to work after an extended leave of absence due to a disability, as defined by the ADA, and whose job has been replaced, are considered for reassignment as a reasonable accommodation to a vacant position for which they are qualified that is equivalent in terms of pay and status. The policies will include the following:

a. **Written Notice** – When M&T replaces an employee because he/she is on extended leave due to a disability and M&T can no longer hold the position open for the employee's return to work, M&T shall provide timely written notice to the employee that he/she may be eligible for reassignment as a possible reasonable accommodation when the employee can return to work if there is a vacant position equivalent in terms of pay and status for which the employee is qualified. This notice will provide information regarding M&T's reasonable accommodation processes, and will include contact information, including phone numbers and email addresses, of the appropriate Human Resources personnel who can answer any questions related to M&T's accommodation processes.

b. **Employee Assessment** – M&T shall meet in person or by telephone with each employee with a disability seeking reassignment as an accommodation ("reassignment candidate") to conduct an interactive dialogue regarding the employee's knowledge, skills and abilities, to determine the employee's knowledge, skills and abilities and the employee's preferences regarding issues such as job location, acceptance of lower-grade classifications, shift changes

4

and other placement-related issues. As part of that discussion, M&T will discuss with the employee and identify the full range of alternative positions for which the employee may be qualified to perform, consistent with the employee's restrictions.

c. **Reassignment** -- Reassignment candidates who are deemed qualified for a vacant position will be reassigned to such a position. An employee is "qualified" for a position if s/he: (1) satisfies the requisite skill, experience, education, and other job-related requirements of the position, and (2) can perform the essential functions of the new position, with or without reasonable accommodation. The employee does not need to be the best qualified individual for the position in order to obtain it as a reassignment.

d. M&T shall disseminate its revised Redeployment Policy to all current employees, including those with supervisory and/or human resources responsibilities in a manner consistent with its current practices and shall make the policies available on the company's intranet site.

<u>Training</u>

7. Within sixty (60) business days following the implementation of its revised Redeployment Policy, all M&T employees with reasonable accommodation responsibilities shall receive training regarding the revised Redeployment Policy. The training shall include specific instruction as to M&T's policies and procedures governing reassignment as part of the Redeployment Policy and will include example scenarios, emphasizing that when possible reassignment should be made to a vacant position that is equivalent in terms of pay, status, or other relevant factors (e.g., benefits, geographical location). The training shall be conducted by a person

5

Case 1:16-cv-03180-ELH Document 87 Filed 01/21/20 Page 6 of 8

with established experience regarding the ADA and reassignment as a reasonable accommodation. The duration should be no less than one (1) hour. The training may be conducted in person or via video recording.

Thereafter, and continuing throughout the duration of this Consent Decree, M&T shall incorporate training modules for employees with supervisory and/or HR responsibilities, including Employee Relations department employees, during its annual training of supervisors. The training should be administered by M&T personnel knowledgeable about the ADA and reassignment as a reasonable accommodation. The training will summarize M&T's policies and procedures regarding reasonable accommodation obligations under the ADA. The training may be conducted in person, via video recording, or via web-based training.

Copies of the materials used during the foregoing ADA training shall be provided to the EEOC within ten (10) business days of completion of the respective training. In addition, M&T shall provide certification to the EEOC when the above identified employees have completed such training.

### Notice and Postings

8. Within ten (10) business days of entry of this Decree, Defendant will post posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

9. Within twenty (20) business days of entry of this Decree, Defendant shall post on bulletin boards, where other required postings currently exist at all of M&T branches in the State of Maryland, Notice of the Consent Decree, attached hereto as Exhibit A. This Exhibit shall be posted and maintained for the duration of the Decree and shall be signed by a representative of Defendant with the date of actual posting shown thereon. Should the Exhibit become defaced,

marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibit are posted in the same manner as specified above. Defendant shall also electronically post Exhibit A on the M&T intranet. Within thirty (30) business days of entry of this Decree, M&T shall send the EEOC a certification that the Notice has been posted in accordance with this paragraph.

## Monitoring Provisions

10. M&T shall make the following reports relating to reassignment candidate placements – once every year during the Term – following the date on which this Consent Decree is approved and entered by the Court:

> a. **Reporting** --- M&T shall prepare a report that identifies every employee who has reported to M&T the he/she (1) has a disability within the meaning of the ADA; (2) whose job has been replaced while on a leave of absence; and (3) whether the individual sought reassignment to a vacant available position as part of the reasonable accommodation process described in section 6 (b)-(c) above. The report shall include the following information:
>
> i. full name of individual;
>
> ii. home address, phone number(s) and personal email address(es), if available;
>
> iii. title of last position held;
>
> iv. title(s) of vacant position(s) sought as reassignment; and
>
> v. whether the individual was reassigned to the vacant position; if not, an explanation as to why.

11. All materials required by this Decree to be sent to the EEOC shall be addressed to: Maria Salacuse, Supervisory Trial Attorney, Equal Employment Opportunity Commission, Baltimore Field Office. The materials shall be sent by electronic mail to maria.salacuse@eeoc.gov.

12. The Commission and Defendant shall bear their own costs and attorneys' fees.

13. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

14. The Clerk is directed to close this case. ELH

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| /s/ | /s/ |
| Debra M. Lawrence | Betty S.W. Graumlich (admitted *pro hac vice*) |
| Regional Attorney | Mark J. Passero (admitted *pro hac vice*) |
| (Signed by Maria Salacuse with permission of | (Signed by Maria Salacuse with permission of |
| Debra M. Lawrence) | Betty S.W. Graumlich and Mark J. Passero) |
| | Riverfront Plaza - West Tower |
| | 901 E. Byrd Street, Suite 1700 |
| /s/ | Richmond, VA 23219 |
| Maria Salacuse (Bar No. 15562) | Phone: 804-344-3400 |
| Supervisory Trial Attorney | Fax: 804-344-3410 |
| EQUAL EMPLOYMENT OPPORTUNITY | bgraumlich@reedsmith.com |
| COMMISSION | mpassero@reedsmith.com |
| Baltimore Field Office | |
| George F. Fallon Federal Building | |
| 31 Hopkins Plaza, Suite 1432 | |
| Baltimore, MD 21201 | |
| Phone: (410) 801-6709 | |
| maria.salacuse@eeoc.gov | |

**SO ORDERED.**

Signed and entered this 21st day of January, 2020.

Ellen L. Hollander
United States District Judge